KLIEBERT, Judge.
Dawn Trahant Ingram, defendant, brought this suspensive appeal of a judgment holding her indebted to Russell N. Boyett, plaintiff, for a loan of $5,000.00. The judgment also dismissed her reconven-tional demand for $50,000.00 for mental anguish and distress allegedly caused by the plaintiff’s unlawful deprivation of the possession of her minor children. We affirm the trial court.
According to the plaintiff’s testimony, he loaned defendant $5,000.00 arid paid $1,719.92 for lumber delivered to the defendant for use in the repair of her trailer. In support of his testimony, plaintiff submitted in evidence a check for $5,000.00 drawn on the plaintiff’s bank made payable to the defendant and marked on the front of the check as “loan for repairs”. Additionally, submitted in evidence is a check made out to a lumber company for $1,719.92 marked “trailer repairs” and a check made out to him by the defendant in the amount of $1,719.92 marked “lumber”. Defendant’s bank refused to make payment on the latter check because defendant had closed her account. The defendant admitted she had physically written the $5,000.00 check given to her by the plaintiff and was the one who wrote at the request of the plaintiff “loan for repairs” on the check. She claims, however, that the $5,000.00 was given to her as a gift. Although the defendant admitted giving to plaintiff her check for $1,719.92 in payment of lumber purchased by him for her account, she contended the lumber was never delivered, therefore, she closed her account at the bank before the check was presented for payment. Several witnesses testified on behalf of the defendant, but gave conflicting versions as to the reasons for the $5,000.00 check or whether the plaintiff had delivered the lumber to the defendant.
The trial judge found as a fact that plaintiff had loaned the $5,000.00 to defendant but had failed to carry the burden of showing the lumber was in fact delivered to the defendant. We cannot say the trial judge committed manifest error in those rulings. The plaintiff’s testimony was supported by documentary evidence. Although the defendant’s testimony was in part supported by the testimony of other witnesses, the overall testimony of those witnesses and that of the defendant was in serious conflict. The trial judge accepted the plaintiff’s version of the events over those of the defendant. Since he had the opportunity to view the live witnesses, while we can only examine a cold record, he was in a better position to make the credibility call than we are. In absence of manifest error, there is no basis for us as a reviewing court to reverse the trial court’s judgment. Canter v. Koehring, 283 So.2d 716 (La.1973).
In support of her reconventional demand the defendant testified that she voluntarily let her three minor children go to Hammond to visit with the plaintiff and Larry Ingram, the second husband of defendant and the half-brother of the plaintiff. According to her testimony, when she went to Hammond to retrieve the children, plaintiff refused to let her have the youngest child who was there at the time or the two older children who were then in school because Ingram had a court order granting custody of the children to him. The two youngest children were issue of defendant’s marriage to Larry Ingram while the oldest child was the issue of defendant’s first marriage to August Gobert. Her attorney argues that the plaintiff’s depriving her of possession of her children, particularly the child born of her marriage to Gobert, was an unlawful act which caused her extreme mental anguish resulting in her having to be hospitalized and receive treatment at the state mental hospital in Mandeville.
The trial judge concluded the defendant failed to show any causation between the actions of the plaintiff and her present mental health and accordingly dismissed her reconventional demand. After a careful review of the record, we do not find one scintilla of evidence to establish a causation between plaintiff’s action and the alleged injury.
*990 For the above stated reasons, the judgment of the trial court is affirmed. All costs of appeal to be borne by the defendant.
AFFIRMED.